**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| DUSTIN BOHANNON | CIVIL ACTION NO. 21-805 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| KANSAS CITY SOUTHERN RAILWAY CO. | MAG. JUDGE KAYLA D. MCCLUSKY |

## MEMORANDUM RULING

Before the Court is Plaintiff Dustin Bohannon's ("Bohannon") appeal of the Magistrate Judge's order granting Defendant Kansas City Southern Railway Company's ("KCSR") motion to compel a physical examination under Federal Rule of Civil Procedure 35. Record Document 49.

### I. Background

In this Federal Employer's Liability ("FELA") action, KCSR filed an untimely motion to compel a physical examination of Bohannon. Record Document 29. Magistrate Judge McClusky considered and granted that motion on June 7, 2022. Record Document 43. In her ruling, she ordered Bohannon to undergo an independent medical examination ("IME") with Dr. Springmeyer no later than June 15, 2022. *Id.* at 7. Bohannon now appeals that order and argues that the Magistrate Judge erroneously granted KCSR's motion to compel. Record Document 49-1 at 7. He claims, in particular, that the Magistrate Judge disregarded the "extreme prejudice" the ruling imposes on him, the lack of evidence in the record, and KCSR's carelessness in meeting deadlines. *Id.* at 2–7. For the reasons outlined below, the Magistrate Judge's order is **AFFIRMED**.

## II. Standard of Review

Under the Federal Magistrate Act, a magistrate judge may issue binding rulings on non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). A party that objects to such a ruling may appeal to the district judge, who "must . . . modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A clear error standard applies to a magistrate judge's findings of fact, while legal conclusions are reviewed de novo. *See Spillers v. Chevron USA Inc.*, No. 11-2163, 2013 WL 869387, at *3 (W.D. La. Mar. 6, 2013) (citing *Choate v. State Farm Lloyds*, No. 03-2111, 2005 WL 1109432, at *1 (N.D. Tex. May 5, 2005)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Hence, reversal of a factual finding is improper whenever the "magistrate judge's 'account of the evidence is plausible in light of the record viewed in its entirety.'" *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (quoting *Resolution Tr. Corp. v. Sands*, 151 F.R.D. 616, 619 (N.D. Tex. 1993)).

## III. Law and Analysis

In its motion to compel, KCSR argued it should be allowed to conduct a physical examination of Bohannon under Federal Rule of Civil Procedure 35. Record Document 29. Rule 35 provides that a court:

> may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

2

Fed. R. Civ. P. 35(a)(1). Rule 35 further states that a court should only order an exam "for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(2)(A). "Good cause" requires the moving party to show specific facts that demonstrate the need for the information sought and the lack of means for obtaining it elsewhere. *In re Harper*, No. 15-0157, 2016 WL 7031883, at *1 (M.D. La. Dec. 1, 2016) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964)).

Here, Judge McClusky concluded that KCSR had shown good cause for an IME. Record Document 43 at 7. Specifically, she held that an IME was necessary to determine Bohannon's "most current medical information" in light of the medical records sent to KCSR in March 2022. *Id.* She observed that offering "anything less . . . would be to provide inaccurate information for the jury to evaluate, should Bohannon prevail on the issue of liability." *Id.* Moreover, Judge McClusky considered the merits of KCSR's motion despite its untimeliness. *Id.* at 6. Though KCSR filed its motion after the Scheduling Order deadline, she applied the factors courts weigh when deciding whether to consider untimely motions to compel. *See Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 397-98 (N.D. Tex. July 17, 2006). Judge McClusky concluded that these factors weighed in favor of granting KCSR's motion. *Id.* at 6–7. For one thing, she observed that KCSR attempted to resolve this matter outside motion practice. *Id.* at 6. She also noted that KCSR's tardiness was partly related to Bohannon's delay in sending medical records. *Id.* And she further found that the need for current medical information outweighed any prejudice her ruling posed to Bohannon. *Id.* at 7. Having reviewed KCSR's motion to compel, the Magistrate Judge's order, and Bohannon's arguments on appeal, this Court cannot

conclude that the ruling was clearly erroneous or contrary to law; thus, the Magistrate Judge's order is **AFFIRMED**.

## IV.  Conclusion

In light of the foregoing, **IT IS ORDERED** that the ruling of the Magistrate Judge granting KCSR's motion to compel physical examination is **AFFIRMED**.

**THUS DONE AND SIGNED** this 13th day of June, 2022.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE